UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOHN M. ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 6:25-cv-00102<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JOHN M. ANDERSON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MONTEREY FINANCIAL SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 *et seq.,* the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227 *et seq.,* 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4.  Plaintiff is a consumer over 18 years of age, residing in Quitman, Texas, within the Eastern District of Texas.

5.  Defendant is a third party debt collector claiming to "have extensive experience recovering delinquent debt from customers with all credit scores – fair, poor, and bad credit ratings included."[1] Defendant is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 4095 Avenida De La Plata, Oceanside, California 92056.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.  The instant action arises out of Defendant's efforts to collect upon a purportedly defaulted debt of around $1,946.38 ("subject consumer debt") that Plaintiff allegedly owed Credova Financial, LLC.

8.  The subject consumer debt was incurred by Plaintiff for personal, familial, or household purposes.

9.  Upon information and belief, following Plaintiff's purported default on the subject consumer debt, it was charged-off and placed with Defendant for collection purposes.

---

[1] https://www.montereyfinancial.com/delinquent-debt-recovery.html

2

10. Thereafter, Plaintiff began to receive calls to his cellular phone number (903) XXX-4060, seeking collection of the subject consumer debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -4060. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has primarily used the phone numbers (877) 399-6374 and (877) 444-4734 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

13. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers during its debt collection activity.

14. Upon speaking with Defendant, Plaintiff was informed of Defendant's intent to collect on the subject consumer debt.

15. Defendant subsequently placed numerous phone calls to Plaintiff's cellular phone in an attempt to collect the subject consumer debt.

16. On or about January 23, 2025, following several months of excessive phone calls, Plaintiff answered one of Defendant's calls, explained his financial hardship and demanded it cease placing calls to his cellular phone.

17. Instead of respecting his privacy and abiding by Plaintiff's demands that the that the phone calls cease, Defendant continued with its attempts to coerce Plaintiff to address the consumer subject debt.

18. Plaintiff has received multiple collection phone calls from Defendant, despite his requests that Defendant's harassing phone calls cease.

19. Plaintiff has further been left prerecorded voicemail messages when he did not answer Defendant's persistent and harassing phone calls.

20. The prerecorded messages Plaintiff received were identical in content as they: repeated it was "absolutely crucial" that immediate action is taken "regarding this time sensitive matter;" directed Plaintiff to visit Defendant's website; contained no information or content specific to Plaintiff; and identified themselves as a debt collector attempting to collect upon a debt.

21. As of February of 2025, Defendant is also reporting the subject consumer debt in the approximate amount of $1,838.00 on Plaintiff's credit report, which differs from the amount owed Defendant previously represented to Plaintiff.

22.  Defendant's conduct resulted in Plaintiff being denied the ability to quietly enjoy his peace and solitude, as his life has been constantly upended by Defendant's persistent and repeated collection campaign.

23.  Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, money, and resources.

24.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25.  Plaintiff has suffered concrete harm as a result of Defendant's actions including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the incessant calls, being subjected to harassing debt collection communications, the filling of his phone's voicemail box with junk pre-recorded messages from Defendant and violations of his state and federally protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

28. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using pre-recorded or artificial voice messages without their consent.

30. Defendant used prerecorded and/or artificial voice messages when placing calls to Plaintiff's cellular phone. Plaintiff was left a number of prerecorded voicemail messages on his cellular phone. Defendant's use of such prerecorded and artificial voice messages brings its conduct within the ambit of the TCPA.

31. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using prerecorded messages without his consent. Any consent Plaintiff *may* have given to Defendant by virtue of incurring the subject consumer debt was explicitly revoked by his demands that Defendant cease contacting him.

32. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff notified Defendant of his demands to cease calling, Defendant unlawfully continued placing unwanted collection calls to Plaintiff's cellular phone. Accordingly, Defendant had knowledge of Plaintiff's request and information, but knowingly and intentionally continued to place numerous calls to his cellular phone.

WHEREFORE, Plaintiff, JOHN M. ANDERSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

36. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

37. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

38. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arose out of transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

 **a. Violations of FDCPA § 1692d *et seq.*, and 12 C.F.R. § 1006.14 *et seq.***

39. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to

ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

40. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

41. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

42. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of phone calls to Plaintiff's cellular phone following his cease and desist requests. Plaintiff informed Defendant he was facing financial hardship and expressly demanded that Defendant cease calling his cellular phone. Despite the nature of these prior communications, Defendant nevertheless continued calling Plaintiff and left voicemails on his cellular phone seeking collection of the subject consumer debt. Such conduct is blatantly prohibited by Regulation F, which underscore Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop, yet nevertheless receive further calls, may state claims for repeated phone

calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Furthermore, Regulation F clarifies that communicating with a consumer through a medium after that consumer has requested no communications through such medium – as occurred here – constitutes harassing and oppressive conduct in and of itself. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing countless unwanted phone calls to Plaintiff's cellular phone despite his requests.

    b. **Violations of FDCPA § 1692e**

43. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

45. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) when it deceptively continued communicating with Plaintiff through his cellular phone despite Plaintiff having requested Defendant to no longer use such medium of communication. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant continued to place collection phone calls even after it represented to Plaintiff it would no longer do so. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

46. Defendant further violated §§ 1692e, 1692e(2)(A), and 1692e(10) by deceptively representing inconsistent balance amounts of the purported subject consumer debt, while persistently attempting to collect on it. Through this misleading conduct, Defendant sought to squeeze sums of money from Plaintiff, despite the conflicting representations regarding the actual amount owed.

    c. **Violations of FDCPA § 1692f**

47. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone over the course of several months. Defendant repeatedly contacted Plaintiff and left voicemails on his cellular phone that were often prerecorded, in an effort to coerce payment on the subject consumer debt.

49. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite his requests that such calls cease. For months, Defendant has relentlessly placed phone calls to Plaintiff by repeatedly calling his cellular phone. This persistent and intrusive conduct demonstrates a clear disregard for Plaintiff's demands. It was unfair for Defendant to ignore Plaintiff's requests that its phone calls cease and continue to place such calls all the while knowing how such calls were bothersome and unwanted by Plaintiff.

WHEREFORE, Plaintiff, JOHN M. ANDERSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

50. Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

52. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

53. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a.  **Violations of TDCA § 392.302**

54. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

55. Defendant violated the TDCA through its placement of phone calls to Plaintiff's cellular phone after he notified it to stop calling his cellular phone. Defendant has engaged in a pattern of phone calls to Plaintiff, frequently contacting him for the past several months, demonstrating its

intent to harass Plaintiff. Claims under the TDCA are treated similarly as claims under the FDCPA, and as discussed above, Defendant's conduct and phone calls present the type of conduct deemed to violate the FDCPA's prohibitions on harassing and oppressive conduct.

### b. Violations of TDCA § 392.304

56. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

57. Defendant violated TDCA through its placement of phone calls to Plaintiff's cellular phone. Calling Plaintiff numerous times to collect upon a debt after he demanded the calls cease altogether falsely misrepresented its ability to lawfully do so. Defendant further repeatedly contacted Plaintiff and left him voicemails that were often prerecorded. These were attempts to coerce Plaintiff to address the purported subject consumer debt.

58. Defendant further violated the TDCA by misrepresenting inconsistent balance amounts of the subject consumer debt while attempting to collect it, in a calculated effort to extract additional payments from Plaintiff through deceptive and coercive means.

WHEREFORE, Plaintiff, JOHN M. ANDERSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

   c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

   d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f.   Enjoining Defendant from contacting Plaintiff; and

    g.   Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

| Dated: March 26, 2025 | Respectfully submitted, |
|---|---|
| | s/ Nathan C. Volheim<br>Nathan C. Volheim, Esq. #6302103<br>Counsel for Plaintiff<br>Admitted in the Eastern District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com |